*Complete of Law/Law Library*

## IN THE SUPERIOR COURT
## OF GUAM

DANNA P. TERLAJE, MARK A TERLAJE, )
and AARON A. TERLAJE, LEVINA L. )
TERLAJE and LEVANA L. TERLAJE, )
minors, by and through their parents and next )
best friends, )
)
Plaintiffs, )
)
vs. )
)
GUAM MEMORIAL HOSPITAL )
AUTHORITY, )
)
Defendant. )

Civil Case no. CV1869-09

**DECISION AND ORDER**
re: Motion for Summary Judgment

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on March 21, 2012. Plaintiffs were represented by Attorney Jeffrey A. Cook. Defendant was represented by Attorney Thomas J. Fisher. After considering the matters presented, the Court now issues the following decision and order finding that Plaintiffs have not presented admissible evidence sufficient to overcome summary judgment. The Court grants Plaintiffs thirty (30) days to submit additional affidavits to meet its burden.

## BACKGROUND

This action stems from a complaint for damages. The complaint alleges that on July 1, 2006, Plaintiff Danna Terlaje ("Danna") woke up with severe gastric pain around 2:00 a.m. Shortly thereafter, the Guam Fire Department was called and an ambulance took Danna to the Guam Memorial Hospital ("GMH"). Upon presentation to GMH, Danna was treated by the Emergency Room staff and given a "GI cocktail" at about 3:30 a.m. Danna was subsequently discharged from the emergency room at 4:00 a.m. that same morning.

The complaint also alleges that at approximately 12:30 p.m. later that same day, Danna

collapsed and was transported back to the emergency room at GMH. She was diagnosed as suffering from an acute myocardial infarction, otherwise known as a heart attack, and was admitted for treatment. Plaintiffs allege that the treatment provided by GMH to Dana during her first trip to the emergency room was below the standard of care ordinarily exercised by other healthcare professionals practicing in Guam, or in similar locality. Plaintiffs claim that if GMH had provided the appropriate level of medical care, Danna would not have suffered the severe injury to her heart and therefore, would not have suffered the injury to her heart. The Plaintiffs assert that Danna's heart damage would have been 25% to 33% less if she was properly treated at 3:00 a.m. on July 1, 2006.

On February 9, 2012, GMH filed a motion for summary judgment arguing that the Plaintiffs have not presented any expert medical testimony on the issue of proximate cause.

## DISCUSSION

Summary judgment is appropriate if the pleadings, depositions, interrogatories and admissions on file together with the affidavits, if any show the there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). *Izuka Corp. V. Kawasho International (Guam), Inc.*, 1997 Guam 10 ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, the Court must draw inferences and view the evidence in a light most favorable to the nonmoving party. *Bank of Guam v. Flores*, 2004 Guam 25 ¶7. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in

the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27 ¶7. Consequently, the court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27 ¶7; *Iizuda*, 1997 Guam 10 ¶8; *Guam Top Builders, Inc. V. Tanota Partners*, 2006 Guam 3 ¶8. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Edwards*, at ¶7; *Guam Top*, at ¶9.

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* at 322-323 (1986)(internal citations omitted).

Under a cause of action for negligence, an injured party must prove the following elements to prevail: a) that the tortfeasor had a duty to act in a manner that does not place others in an unreasonable risk of harm; b) that duty was breached; c) as a result of that breach it is the cause; d) of harm or damages suffered by a party. *Leon Guerrero v. DLB construction Co.*, 1999 Guam 9 ¶ 14. Generally, when a plaintiff claims injury as a result of medical negligence, as in the instant action, it is the plaintiff's burden to show a professional standard of care was breached, and as a result of that breach, the party was injured. In a medical negligence action, expert testimony regarding the standard of care is required. "The standard of care against which the acts of a physician are to be measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice [or medical negligence] action

and can only be proved by their testimony, unless the conduct required by the particular circumstances is within the common knowledge of the layman." *Landeros v. Flood*, 551 P.2d 389 (1976).

To overcome GMH's motion for summary judgment, Plaintiffs must have established, through admissible evidence, that a genuine issue of material fact existed for each of the two elements of their medical negligence claim: (1) that GMH failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he belongs, acting in the same or similar circumstances; and (2) that GMH's failure to exercise this degree of care was a proximate cause of Danna's heart damage. As to the first element, the Plaintiffs' initial expert witness reports, whose admissibility is not challenged, establishes a prima facie case supporting breach of the requisite standard of care by GMH. Thus, this element is not at issue.

With regards to the proximate cause issue, GMH argues that Plaintiffs have not presented any expert medical testimony on the issue of proximate cause. The letter from Jean Yacoub, M.D., Danna's treating physician at the time of the alleged incidents, however states that Danna did not receive proper treatment when she arrived at GMH Emergency Room at about 3:00 a.m. on July 1, 2006, and in turn she suffered from irreversible damage to her heart muscles or 'scar tissue' which is probably contributing to her symptomatic palpitations and premature ventricular heart beats. Plaintiffs argue that Dr. Yacoub's letter makes it clear that if Danna received clot busters upon her arrival at 3:00 a.m., the damage to her heart would have been less. Plaintiffs also assert that Dr. Yacoub's letter provides sufficient evidence that the damage to Danna's heart was the result of the failure of GMH to address the heart attack she was experiencing when she first arrived at 3:00 a.m.

In a medical malpractice action, the evidence must be sufficient to allow the jury to

infer that in the absence of the defendant's negligence, there was a reasonable medical probability the plaintiff would have obtained a better result. *Alef v. Alta Bates Hospital*, 5 Cal.App.4th 208, 216 (Cal. App. 1992). Thus, proffering an expert opinion that there is some theoretical possibility the negligent act could have been a cause-in-fact of a particular injury is insufficient to establish causation. *Jennings v. Palomar Pomerado Health Systems, Inc.*, 114 Cal.App.4th 1108, 1118 (Cal. App. 2003) (See *Saelzler v. Advanced Group*, 25 Cal.4th 763, 775–776, (Cal. App. 2001) [expert testimony positing a "'mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant' "]. Instead, the plaintiff must offer an expert opinion that contains a reasoned explanation illuminating why the facts have convinced the expert, and therefore should convince the jury, that it is more probable than not the negligent act was a cause-in-fact of the plaintiff's injury. *Jennings v. Palomar*, 114 Cal.App.4th 1108 at 1118.

Here, the only evidence suggesting a reasonable medical probability that Danna, in the absence of GMH's negligence, would have obtained a better result is the letter from Dr. Yacoub to Danna's attorney. After reviewing the letter however, the Court finds that Dr. Yacoub's letter does not contain a reasoned explanation illuminating why the facts have convinced him that it is more probable than not the negligent act was a cause-in-fact of the Danna's injury. The Court also notes that letter would not be admissible at trial and that Dr. Yacoub has not been retained by Plaintiffs as a formal expert. Therefore, the Court holds that the Plaintiffs have failed to produce any significant probative evidence to support the proximate cause element of their negligence claim. The Court however will give the Plaintiffs one opportunity to provide such evidence.

## CONCLUSION

Based on the foregoing, the Court finds that the Plaintiffs have failed to produce any admissible probative evidence to support the proximate cause element of their negligence claim. The Court however recognizes that the Plaintiffs may be able to obtain such evidence. Thus, the Plaintiffs shall have thirty (30) days from the date of this order to submit such evidence. For that reason, the Court reserves its decision as to GMH's motion. Absent further submissions by the Plaintiffs, the Court will grant GMH's motion.

SO ORDERED, this _29_ day of _June_ 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO
_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagåtña, Guam

JUN 2 9 2012

Evelyn R. Borja
_____
Deputy Clerk, Superior Court of Guam